**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FRANK GREGORY FORD,

            Plaintiff - Appellant,

v.

VICTOR ARTIGA; et al.,

            Defendants - Appellees.

No. 14-15050

D.C. No. 2:12-cv-02370-KJM-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted September 13, 2016[**]

Before:    HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Frank Gregory Ford appeals from the district court's judgment dismissing

for lack of subject matter jurisdiction under *Feres v. United States*, 340 U.S. 135

(1950), his action arising from his deployment in Iraq. We have jurisdiction under

28 U.S.C. § 1291. We review de novo, *Jackson v. Tate*, 648 F.3d 729, 732 (9th

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2011) (*Feres* doctrine); *Khalsa v. Weinberger*, 779 F.2d 1393, 1395-96 (9th Cir. 1985) (claim involving a military decision), and we affirm.

The district court properly dismissed Ford's constitutional and common law claims for monetary damages for lack of subject matter jurisdiction under the *Feres* doctrine because Ford alleges that he was an active duty service member of the California Army National Guard during the events that formed the basis of his action, and his claims arose incident to his active military service. *See Feres*, 340 U.S. at 146 ("[T]he Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service."); *Jackson*, 648 F.3d at 733 (explaining scope and requirements of *Feres* doctrine).

The district court properly dismissed Ford's requests for injunctive and declaratory relief because Ford's action challenged non-justiciable military decisions. *See Wenger v. Monroe*, 282 F.3d 1068, 1072 (9th Cir. 2002) (outlining factors for determining whether judicial review of a challenge to a military decision is appropriate).

Ford's requests to remove the United States Attorney's office from this case, to appoint special counsel, and to prevent defendants from using taxpayer money for their defense, set forth in the opening brief, are denied.

14-15050

Ford's request for oral argument, filed on November 3, 2015, is denied.

**AFFIRMED.**